Filed 7/28/15  P. v. McGuire CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DENNIS VINCENT MCGUIRE,<br><br>        Defendant and Appellant. | A143576<br><br>(San Francisco City and County<br>Super. Ct. No. SCN222710) |

Dennis Vincent McGuire appeals from a final judgment convicting him of evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)) following a plea of guilty to that charge.  The appeal, based on grounds that arose after the entry of the plea, is authorized by rule 8.304(b)(4)(B) of the California Rules of Court.  Appellant's court-appointed counsel has filed a brief raising no legal issues and asking this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appellant was advised by counsel of his right to file a supplemental brief but he has not done so.

## FACTS[1]

On May 7, 2014, officers responding to a report of an "auto boost" near the intersection of Buchanan and Pine Streets were informed by a witness that she had seen men flee in a black Mercedes Benz in an unknown direction.  According to the witness, the vehicle had previously been seen in the neighborhood and "it was usually associated

---

[1] The facts are taken from the probation report filed with the superior court on January 14, 2015, which was in turn based on San Francisco Police Incident Report No. 140-383-128.

with auto boosts." While driving down Buchanan Street looking for suspects, the officers were flagged down by another witness who said he was the one who had called the police and did so because he saw two suspicious persons using power drills to remove copper piping from a dwelling on Buchanan Street. This witness showed the officers a large strip of silicon tubing with copper wire inside that covered much of the sidewalk. The witness stated that men were using a drill to cut into the tubing. The men left the scene shortly before the police arrived and walked south on Buchanan Street. While the officers were conversing with this witness, a CPMC Sutter Health service van drove up and its occupants told the officers that two "unknown males" were ducking behind a parked vehicle near the Peace Plaza in Japantown, which was a block away. After driving in that direction the officers spotted the suspects and one of them gave chase on foot. The suspect eventually returned to the vehicle, in which the other suspect was waiting. The vehicle drove off but the two officers gave chase in their patrol car. Eventually the suspects pulled over and were taken into custody. One of the suspects was appellant.

## PROCEEDINGS BELOW

On May 9, 2014, the San Francisco County District Attorney filed a complaint charging appellant with the commission of first degree burglary (Pen. Code, § 459) (count I); assault with a firearm (Pen. Code, § 245, subd. (a)(2)) (count II); receiving stolen property (Pen. Code, § 496, subd. (a)) (count III); vandalism (Pen. Code, § 594, subd. (b)(2)) (count IV); receiving stolen property (Pen. Code, § 496, subd. (a)) (count V); grand theft of personal property (Pen. Code, § 487, subd. (a)) (count VI); evasion of an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)) (count VII); possession of burglary tools (Pen. Code, § 466) (count VIII); and driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)) (count IX).

On August 20, 2014, after he sought discovery pursuant to *Brady v. Maryland* (1963) 373 U.S. 83, appellant pled guilty to count VII, willful evasion of an officer in violation of Vehicle Code section 2800.2, subdivision (a), based on an agreement he would receive the midterm sentence of two years in state prison. The court indicated it

2

would dismiss pending traffic infractions that were within its authority to dismiss. The court granted the district attorney's motion to dismiss the remaining counts pursuant to Penal Code section 1385.

On September 22, 2014, appellant moved to dismiss the traffic infractions (of which he was found guilty in a different criminal proceeding before Judge Dekreon) under Vehicle Code section 41500, which was denied.[2] Also on that date, he petitioned for a finding of factual innocence under Penal Code section 851.8 regarding felony counts I, II, and IV, all of which were allegedly committed on May 5, 2014. The petition was based on the claim that "Defense counsel provided the District Attorney with video tape evidence [he was] in another part of the city talking to a security guard at Fresh and Easy reporting an auto burglary at the same time that the complaining witness alleges [he] was breaking into his house with a gun." The petition was withdrawn by appellant on November 5, 2014.

At the sentencing hearing on November 3, at which appellant's plea was accepted, the court ordered appellant to pay $200 into the restitution fund and imposed but stayed a parole revocation fine in the same amount. Although appellant made no *Harvey* waiver[3] in connection with any of the other charges, he did make such a waiver with respect to the May 7, 2004 offenses, one of which was the evasion of a law enforcement officer with willful disregard, to which he entered his plea.

Consistent with the negotiated plea, the court on November 3, sentenced appellant for the midterm of two years for violating Vehicle Code section 2800.2, subdivision (a).

---

[2] The motion also sought dismissal under Penal Code section 1381 on the ground that appellant had "notified the San Francisco [County] District Attorney's Office on January 1st 2013 of his desire to clear his traffic warrants [under section 41500]" and "[t]he District Attorney's Office did not take any action and the statutory time elapsed." On May 27, 2015, appellant filed a petition for writ of mandate in this court (No. A145231) seeking relief from the trial court's refusal to accept for filing a renewed motion under section 41500 to dismiss the Vehicle Code infractions. On June 3, 2015, the Attorney General filed a letter brief informing us that the People had no interest in this petition.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

The court awarded credit for 182 days actually served and 182 days good time credit, for a total of 364 days credit for time served.

Appellant timely appealed on November 7, 2014

## DISCUSSION

Where, as here, an appellant has pled guilty or no contest to an offense, the scope of reviewable orders is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896; Pen. Code, § 1237.5.)

During the period of time his plea and sentence were negotiated and his plea entered, appellant was represented by able counsel who assiduously protected his rights and interests.

The admonitions given appellant by the court prior to the time he entered his plea fully conformed with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. We are satisfied appellant understood the rights he would be giving up by his plea before it was entered, and the record shows appellant's plea was fully informed and freely made.

The factual basis for the plea was provided by the police incident report the court relied upon and the record satisfies this court that there is such a basis.

The sentence imposed on appellant was authorized by law.

Our independent review having revealed no arguable issues that require further briefing, the judgment, which includes the sentence imposed, is affirmed.

4

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.